KING, HOLMES, PATERNO & SORIANO, LLP
HOWARD E. KING, ESQ., STATE BAR NO. 77012
HKING@KHPSLAW.COM
JACKSON S. TRUGMAN, ESQ., STATE BAR NO. 295145
JTRUGMAN@KHPSLAW.COM
HEATHER L. PICKERELL, ESQ., STATE BAR NO. 346211
HPICKERELL@KHPSLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989
FACSIMILE:  (310) 282-8903

Attorneys for Plaintiffs PAUL D.
BEAUREGARD p/k/a DJ PAUL and
JORDAN HOUSTON p/k/a JUICY J

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| PAUL D. BEAUREGARD p/k/a DJ PAUL, an individual; and JORDAN HOUSTON p/k/a JUICY J, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SCOTT ARCENEAUX JR. p/k/a SCRIM, an individual; ARISTOS PETROU p/k/a RUBY DA CHERRY, an individual; IVAN RAMIREZ p/k/a RAMIREZ, an individual; G*59 RECORDS, Inc., a Florida corporation, individually and doing business as G*59 RECORDS LLC; UMG RECORDINGS, INC., a Delaware Corporation, individually and doing business as CAROLINE DISTRIBUTION and CAPITOL MUSIC GROUP; CAPITOL RECORDS, LLC, a Delaware limited liability company, individually and doing business as CAROLINE DISTRIBUTION and CAPITOL MUSIC GROUP; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-CV-9259<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Paul D. Beauregard p/k/a "DJ Paul" ("Beauregard") and Jordan Houston p/k/a "Juicy J" ("Houston" and collectively with Beauregard, "Plaintiffs") allege as follows:

## **PRELIMINARY STATEMENT**

1.      Plaintiffs are founding members of the internationally renowned hip-hop group "Three 6 Mafia." Plaintiffs began creating music together in 1991 in Memphis, Tennessee. As Three 6 Mafia, they have released ten studio albums that have sold millions of copies worldwide. Plaintiffs have won an Academy Award for Best Original Song and have been inducted into the Memphis Music Hall of Fame. Three 6 Mafia has earned a longtime cult following in the hardcore rap underground community. They are known particularly for their horror-themed sound and dark imagery, especially in their earlier works. As noted by the Memphis Music Hall of Fame, even today, the Three 6 Mafia name continues to carry "much cachet in youth culture." Three 6 Mafia continues to write and produce for, and be sampled by, chart-topping artists such as ASAP Ferg ("Plane Jane"), ScHoolboy Q ("Dope Dealer"), and Wiz Khalifa ("Bake Sale"), Megan Thee Stallion ("Hot Girl Summer")

2.      Defendant Scott Anthony Arceneaux Jr. p/k/a "$crim" ("Arceneaux Jr.") and Defendant Aristos Petrou p/k/a "Ruby da Cherry" are the hip hop duo "Suicideboys" (sometimes styled as "$UICIDEBOY$" or "$uicideboy$"), which they founded in New Orleans, Louisiana in 2014.  In the ten years since they formed, the Suicideboys have made a career stealing and profiting from Plaintiffs' copyrighted material, and repeatedly and shamelessly appropriating Plaintiffs' artistic and cultural identities.

3.      The Suicideboys have illegally sampled and stolen from **at least 36** of Plaintiffs' original songs, in some cases using Plaintiffs' original song titles as their own. This is **on top of** the **more than 35** songs that Plaintiffs already sued Suicideboys for stealing approximately four years ago. The Suicideboys and their co-defendants—including their labels and other artists on their label, such as Defendant Ivan Ramirez

p/k/a Ramirez ("Ramirez")—have made millions from these repeated, willful infringements, which have appeared in top-ten albums on the Billboard 200 and in songs with many millions of streams online.

4.      To be clear, the Suicideboys and Ramirez are not sampling and copying Plaintiffs' copyrighted material for any new or transformative purposes. Rather, they are doing so to trade off and profit from Three 6 Mafia's original, authentic sound and hard-earned success in the hip hop industry. This much is clear from, for example, the Suicideboys' repeated—and brazen use—of Plaintiffs' original song titles *as their own* and the Suicideboys' further misappropriation of Plaintiffs' artistic and cultural identities, such as by copying their appearances with dreadlocks, tattoos, and baggy clothing. Furthermore, Defendant Arceneaux Jr. sometimes uses the moniker "Yung $carecrow," which he appropriated from deceased Three 6 Mafia member Ricky Dunigan's moniker "the Scarecrow."

5.      On information and belief, Caroline and Capitol Music Group—which distribute the Suicideboys' music—was run by Chairman and CEO Steve Barnett from 2012 to 2021. Mr. Barnett previously oversaw Three 6 Mafia when they released music with Columbia Records, of which Mr. Barnett was Chairman at the time. Thus, all Defendants have been familiar with and had access to Plaintiffs' copyrighted work for years.

6.      The Suicideboys' public statement following the 2020 lawsuit—that they "look[ed] forward to a mutually beneficial relationship [with DJ Paul and Juicy J] in the future"—were empty words. In reality, the Suicideboys and their collaborators, like Ramirez, were continuing to willfully steal from Plaintiffs without any license from Plaintiffs or others.

7.      In 2024, Plaintiffs discovered that the Suicideboys were back to their old ways, stealing songs from Plaintiffs that were unquestionably not licensed under the terms of the parties' settlement agreement. In 2024, Plaintiff also discovered additional infringements that were not raised in the 2020 lawsuit.

8.     Like before, Plaintiffs made numerous attempts to resolve this matter short of litigation, but such efforts were unsuccessful due to the Suicideboys' unwillingness to cooperate or accept responsibility for their blatant, repeated, and unabated infringement of Plaintiffs' copyrights. Old habits die hard.  Plaintiffs had no choice but to bring an action to redress and stop Defendants' willful infringement.

## JURISDICTION

9.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1338(a) because federal questions presented herein arise under the United States Copyright Act, 17 U.S.C. Sections 101 *et seq*.

10.     This Court has personal jurisdiction over Defendants because the events giving rise to this claim occurred in the Central District of California, and all Defendants have purposefully directed either advertising, sales, distributions, performances, or digital transmissions of their recordings, including the infringing works, to citizens and consumers of California.

## VENUE

11.     Venue is proper in this District pursuant to 28 U.S.C. Sections 1391 and 1400 in that the conduct hereinafter described has been and is presently being carried out and made effective, in substantial part, within the boundaries of the Central District of California, and Defendants transact business and are present in the Central District of California.

## PARTIES

12.     Plaintiff Beauregard is a resident of the State of California, County of Los Angeles. Plaintiff Beauregard is a well-known American rapper, record producer, DJ, songwriter, and entrepreneur, and a founding member of Three 6 Mafia

13.     Plaintiff Houston is a resident of the State of California, County of Los Angeles. Plaintiff Houston is a well-known American rapper, record producer, singer, songwriter, and record executive, and a founding member of Three 6 Mafia.

14.     On information and belief, Defendant Arceneaux Jr. resides in Florida,

KING, HOLMES,
PATERNO &
SORIANO, LLP

3392.062/3009111.2

4

has resided in Louisiana during relevant periods, and regularly conducts business in this judicial district. This Court has personal jurisdiction over Defendant Arceneaux Jr. because, among other reasons, he intentionally infringed Plaintiffs' intellectual property rights knowing Plaintiffs were located in this District and caused the infringing works to be distributed in California.

15.    On information and belief, Defendant Petrou resides in Louisiana and regularly conducts business in this judicial district. This Court has personal jurisdiction over Defendant Petrou because, among other reasons, he intentionally infringed Plaintiffs' intellectual property rights knowing Plaintiffs were located in this District and caused the infringing works to be distributed in California.

16.    On information and belief, Defendant Ramirez resides in California and regularly conducts business in this judicial district. This Court has personal jurisdiction over Defendant Ramirez because, among other reasons, he intentionally infringed Plaintiffs' intellectual property rights knowing Plaintiffs were located in this District and caused the infringing works to be distributed in California.

17.    On information and belief, Defendant G*59 Records, Inc. ("G59") is a corporation formed under Florida law, and its principal place of business is at 10960 Wilshire Boulevard, 5th Floor, Los Angeles, California 90025. Arceneaux, Petrou, and Ramirez founded, own, manage, operate G59. They also founded, owned, managed, and operated G59's predecessor label, G*59 Records, LLC. Plaintiffs previously sued G*59 Records, LLC along with Arceneaux Jr. and Petrou. Upon information and belief, G59 was the record label that released all of the infringing songs/tracks discussed hereinafter.

18.    Defendant UMG Recordings, Inc. ("UMG") individually and doing business as "Capitol Music Group" and "Caroline Distribution" is a Delaware corporation with offices in Santa Monica, California. Upon information and belief, and based on a review of UMG's public website, www.universalmusic.com, UMG does business under the name "Capitol Music Group," which serves as an

1 unincorporated "umbrella label" for other sub-labels and businesses owned by UMG.

2 "Caroline Distribution" ("Caroline") is one of those unincorporated sub-

3 labels/businesses. Upon information and belief, Caroline is, and at all times relevant

4 herein was, responsible for the distribution of all of the infringing songs/tracks

5 discussed hereinafter.

6      19.    Defendant Capitol Records LLC ("Capitol," together with Arceneaux Jr.,

7 Petrou, Ramirez, G59, and UMG, "Defendants") individually and doing business as

8 "Capitol Music Group" and "Caroline Distribution" is a Delaware corporation with

9 offices in Santa Monica, California. Upon information and belief, and according to

10 counsel for UMG, Capitol also does business under the names "Capitol Music Group"

11 and "Caroline Distribution". The records of the California Secretary of State show

12 that Capitol has the same business address and agent for service of process as UMG.

13 Upon information and belief, Capitol is, and at all times relevant herein was,

14 responsible for the distribution of the distribution of all of the infringing songs/tracks

15 discussed hereinafter.

16      20.    Does 1 through 10, inclusive, are sued under fictitious names. Their true

17 names and capacities are unknown to Plaintiffs. When those are ascertained, Plaintiffs

18 will amend this complaint accordingly.

19      21.    On information and belief, each Defendant was the agent and employee

20 of the other defendants at all material times. Defendants acted within the course and

21 scope of such agency and employment.

22                                 **FACTS**

23                            *Three 6 Mafia*

24      22.    Beauregard and Houston co-founded the well-known hip-hop group

25 "Three 6 Mafia." Plaintiffs started creating music together in 1991 in Memphis,

26 Tennessee. Three 6 Mafia originally emerged as a horror-themed underground rap

27 group, featuring dark beats and "horrorcore"-styled lyrics.

28      23.    Three 6 Mafia's debut studio album *Mystic Stylez*, released in 1995, is

1  regarded as "one of the essential southern hip-hop albums" that has "influenced artists

2  for decades"[1] and a "cult classic" that "defin[ed]" the "horrorcore style of hardcore

3  rap."[2]

4        24.    Plaintiffs went on to achieve mainstream commercial success, releasing

5  ten studio albums have sold millions of copies worldwide. The group later won an

6  Academy Award in 2006 for their song "It's Hard out Here for a Pimp" from the film

7  *Hustle & Flow*.

8        25.    Beauregard and Houston have endured as two of the most respected and

9  iconic artists in hip hop. The Memphis Music Hall of Fame inducted Three 6 Mafia

10 in 2012, recognizing the group's continuing "cachet in youth culture," "hard work

11 and hustle," and unique "ability to at once entertain and speak to power" with "deeper

12 levels of commentary."[3]

13       26.    As producers and songwriters, Plaintiffs Beauregard and Houston have

14 also released dozens of additional records under their own names and monikers, and

15 with affiliated artists.

16       27.    As relevant here, and discussed further below, through their hard work

17 and hustle Plaintiffs are the creators and registered owners of the composition and/or

18 sound recording copyrights to at least 36 original works that Defendants have

19 infringed: 1. "Glock in My Draws," 2. "Tired of Dis Shit," 3. "It Was Triple Six," 4.

20 "Koop Unreleased," 5. "So High," 6. "Everything is Business Pt. 1," 7. "Everything

21 is Business (Remix)," 8. "Gotta Get Some Endz," 9. "Stash Spot," 10. "Walk Up To

22

23 [1] Justin Ivey, *Three 6 Mafia's 'Mystic Stylez' Is Still a Southern Hip-Hop Essential*
   *20 Years Later*, Complex.com (May 23, 2015),
24 https://www.complex.com/music/a/justin-ivey/three-6-mafia.
   [2] Jason Birchmeier, *Mystic Stylez review*, Allmusic.com,
25 http://www.allmusic.com/album/mystic-stylez-mw0000177290 (last visited May 19,
26 2020).
   [3] *Three 6 Mafia*, Memphis Music Hall of Fame,
27 https://memphismusichalloffame.com/inductee/threesixmafia/" (last visited May 19,
28 2020).

Your House," 11. "Porno Movie," 12. "Smoking on a J," 13. "Mystic Styles," 14. "Pimpin & Robbin," 15. "Beat Down," 16. "You Try To Run," 17. "Tire Shop (feat. DJ Paul)," 18. "Niggas From the Hood Ain't Changed," 19. "Where's Da Bud?," 20. "Are U Ready 4 Us?," 21. "Drop It Off Your Azz," 22. "Fuckin Wit My Money," 23. "Blow A Nigga's Ass Off," 24. "Come & Get Yo Wig Split," 25. "Liquor and Powder," 26. "Be A Witness," 27. "Gorilla Pimp- Featuring Namond Lumpkin," 28. "Lick My Nutz," 29. "Nigga Wanna Ass Wooping," 30. "Fuck Dj Squeeky," 31. "Front Page," 32. "Time For The Juice Mane," 33. "Sucks On Dick," 34. "Sawed Off," 35. "Murder On The Menu," 36. "Now I'm high, really high" (collectively, the "Infringed Works").

### *The Suicideboys*

28.     Defendants Arceneaux Jr. and Petrou are the co-founders and members hip hop duo "Suicideboys" (sometimes styled as "$uicideboy$"), which upon information and belief was founded in New Orleans, Louisiana in 2014.  "Ever since[,] . . . their sound has constantly been compared to Three 6 Mafia's[,] . . . so obviously influenced by Three 6's ground-breaking sound that they came out with in the 90s[,] . . . . [which] Suicideboys sampled . . . heavily in their works and have been doing so since the very start."[4]

29.     Arceneaux Jr. was introduced to Three 6 Mafia by his uncle at age eight.[5] He became "obsessed."[6]

30.     In the more than ten years since Suicideboys was formed, Arceneaux Jr. and Petrou have made a career stealing and profiting from Plaintiffs' copyrighted

---

[4] https://www.youtube.com/watch?v=VT99h0Qi_9c.

[5] Emma Madden, *HOW $UICIDEBOY$ TRANSCENDED THEIR DARKNESS TO BECOME UNLIKELY SAVIORS* (Aug. 31, 2023), https://www.revolvermag.com/music/how-uicideboy-transcended-their-darkness-become-unlikely-saviors/.

[6] https://www.xxlmag.com/juicy-j-previews-suicideboys-collaboration-highly-intoxicated-mixtape/.

material. The Suicideboys have illegally sampled and stolen from at least 36 of Plaintiffs' original songs, in some cases using Plaintiffs' original song titles as their own. For example, including as detailed further below, while Plaintiffs have released songs entitled "Mask and Da Glock," "Smoked Out, Loced Out," and "Break Da Law," Defendants have also released songs entitled "Ma$k and da GlocK," "Smoked Out, Loced Out," and "BREAKDALAW2K16," that copy and infringe upon Plaintiffs' earlier original works.  Ramirez also has alluded to Plaintiffs' "major influence"[7] through his song titles such as "Triple Six."

31.    Defendants are not sampling and copying Plaintiffs' copyrighted material for any new or transformative purposes. Rather, they are doing so to trade off and profit from Three 6 Mafia's original sound and hard-earned success in the hip hop industry. This much is clear from the use of Plaintiffs' original song titles as their own and the further misappropriation of Plaintiffs' artistic and cultural identities by copying their appearances with dreadlocks, tattoos, and baggy clothing. Furthermore, Defendant Arceneaux Jr. sometimes uses the moniker "Yung $carecrow," which he appropriated from deceased Three 6 Mafia member Ricky Dunigan's moniker "the Scarecrow."

32.    Further illustrating Three 6 Mafia's clear influence on the Suicideboys, the Suicideboys have sought to collaborate with and did in fact for a brief time collaborate with Plaintiff Houston, before Plaintiff Houston discovered the Suicideboys were using Plaintiffs' copyrighted works without proper licensing. After learning of Defendants' infringement, however, Plaintiff Houston promptly stopped collaborating with the Suicideboys.

33.    Defendants' copying of Plaintiffs' works is substantial such than an average audience would recognize, and in fact has recognized, the appropriation.

34.    For example, as late as September 27, 2024, the Suicideboys'

---

[7] https://music.apple.com/us/artist/ramirez/1373497397.

"Wikipedia" page notes that "[t]here is a clear Three 6 Mafia influence in much of their music, with many earlier Suicideboys songs using samples from the group's songs."[8]

35.　　Likewise, on a popular hip hop Reddit thread, one user posted "Serious Question - $uicideboy$ and three 6 mafia [sic]." The poster wrote "I wanted to preface this by saying I got into $uicideboy$ years before I listened to three 6. But I binged basically all three 6 mafias music over the course of 2 months, and it's really insane how much the boys sampled them and even kindve aped their lingo (talking about being the scarecrow and what not [sic]." The poster also noted the "overlap between [Suicideboys'] sound and three 6 mafia's sound [sic]."[9]

36.　　Other Reddit users responded, expressing that they also felt that Suicideboys had copied Three 6 Mafia's music. One fan replied "I basically had the same thought after seriously listening to three 6 for the first time . . . . [sic]"[10]

37.　　The online magazine *What Went Right With . . . ?*'s May 12, 2019 article regarding Suicideboys notes "a distinct and obvious influence of early Three-6 Mafia" on the duo's music. The article cites the similarity to "albums like *Mystic Stylez*" and notes the group's sampling of Three 6 Mafia. The article further states that the Suicideboys have "over the years attracted a large amount of suburban kids who missed the careers of Juicy J, DJ Paul, Lord Infamous, Koopsta Knicca[11] (and the rest) but as long as these fans acknowledge the influence and go back and listen to the originals, [the article is] okay with it because $uicideboy$ emulate those artists very

---

[8]　　*See* WikiPedia, the Free Encyclopedia, Suicideboys, at https://en.wikipedia.org/wiki/Suicideboys (last visited Sept. 27, 2024v).

[9] u/TaskPractical3117, *Serious question - $uicideboy$ and three 6 mafia*, https://www.reddit.com/r/G59/s/ovKGGpnRKR (last visited Sept. 5, 2024).

[10] u/applyapplyapply, Comment to u/TaskPractical3117, *supra*, https://www.reddit.com/r/G59/s/ovKGGpnRKR (last visited Sept. 5, 2024).

[11] Lord Infamous and Koopsta Knicca are deceased members of Three 6 Mafia.

well."[12] What the article fails to recognize, however, is that Defendants had not acknowledged or properly licensed the original Three 6 Mafia tracks the Sucideboys have copied.

38.    The author of an October 7, 2022 interview of Arceneaux and Petrou published by Billboard acknowledged that Suicideboys were "fueled by the southern horrcore of Three 6 Mafia . . . ."[13]

39.    The author of a July 25, 2024 interview of Arceneaux and Petrou published in the New York Times recognized that they "worship[ped] at the altars of Southern rap legends like Lil Wayne and Three 6 Mafia."[14]

40.    On information and belief, Defendants have made millions in profit by infringing on Plaintiffs' copyrights.

41.    On information and belief, Defendants' infringing songs have garnered many millions of streams on YouTube.com, Spotify, Soundcloud, and Apple music for which they have received and will continue to receive royalties payments.

42.    Defendants' infringement is pervasive and represented across their chart-topping albums.

43.    For example, one of Defendants' infringing songs/tracks ("Bring Out Your Dead") appear on their 2018 album entitled "I Want to Die In New Orleans," which has fared well commercially and became a top-ten album on the US *Billboard 200*.

---

[12] *What Went Right With . . . Suicideboys ($uicideboy$)?*, whatwentrightwith.com (May 12, 2019), http://whatwentrightwith.com/2019/05/12/what-went-right-with-suicideboys/.

[13] Mackenzie Cummings-Grady, *$uicideboy$ Are Healing Together Through Family & Music* (Oct. 7, 2022), https://www.billboard.com/music/rb-hip-hop/suicideboys-sing-me-a-lullaby-interview-1235152367/.

[14] Larry Fitzmaurice, *Suicideboys Don't Care for the Music Biz. They Got Its Attention Anyway.* (July 25, 2024), https://www.nytimes.com/2024/07/25/arts/music/suicideboys-king-gizzard-viagra-boys.html.

44.    For example, one of Defendants' infringing songs/tracks ("Lighting the Flames of My Own Personal Hell") appear on their 2021 album entitled "Long Term Effects of Suffering," which has fared well commercially and became a top-ten album on the US *Billboard 200*.

45.    For example, two of Defendants' infringing songs/tracks ("1000 Blunts" and "Resistance is Useless") appear on their 2022 album entitled "Sing Me A Lullaby, My Sweet Temptation," which has fared well commercially and became a top-ten album on the US *Billboard 200*.

46.    Defendants' infringing songs/tracks also appear across Suicideboys' charted EPs, which were commercially successful, including 2022's "DirtiestNastiest$uicide" ("My Swisher Sweet, But My Sig Sauer" and "The Serpent and the Rainbow") and 2023's "Yin Yang Tapes: Spring Season (1989–1990)" ("Château Gris") and "Shameless $uicide" ("Six Lines Two Dragons and a Messiah").

47.    The Suicideboys also have taken to stealing Plaintiffs' music on solo projects and songs/tracks put out by their label or which they produced or featured on. For example, infringing works appear on Arceneuax Jr.'s 2020 solo album "A Man Rose from the Dead" as well as  Arceneuax Jr.'s 2024 solo album "lonely boy," on which he blithely infringes "Lick My Nutz" on the song/track "lick my nuts."

48.    On information and belief, Caroline and Capitol Music Group—which distribute the Suicideboys' music—was run by Chairman and CEO Steve Barnett from 2012 to 2021. Mr. Barnett previously oversaw Three 6 Mafia when they released music with Columbia Records, of which Mr. Barnett was Chairman at the time. Thus, all Defendants were familiar with and had access to Plaintiffs' copyrighted work.

49.    Defendants did not seek or receive any authorization or permission to use any portion of the Infringed Works from Plaintiffs or any other owner of the rights to the compositions and/or sound recordings.

**A.    Defendants' Infringement of Plaintiff Beauregard's Composition "Glock in My Draws"**

50.     Plaintiff Beauregard is the writer and legal and beneficial owner of a composition entitled "Glock in My Draws," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002477768. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by Plaintiff Beauregard, which was released in or about 1994 on "DJ Paul – Greatest Hits Part 1," and in or about 2002 on "Underground Vol. 16 for Da Summa."

51.     Upon information and belief, in or about 2015, Defendants released a song/track entitled "Flodgin'" on the album entitled "Kill Your$elf Part X: The Re$urrection $aga."  Upon further information and belief, in or around 2022, Defendants released a song/track "My Swisher Sweet, But My Sig Sauer" on the album entitled "DirtiestNastiest$uicide."  Upon further information and belief, in or around 2023, Defendants released a song/track "Not Even Ghosts Are This Empty" on the album entitled "I No Longer Fear The Razor Guarding My Heel (V)."

52.     Defendants' songs/tracks "Flodgin,'" "My Swisher Sweet, But My Sig Sauer," and "Not Even Ghosts Are This Empty" extensively sample (that is, directly extract and reproduce) original expression from Plaintiff Beauregard's composition "Glock in My Draws" and the master recording of "Glock in My Draws" as performed by Plaintiff Beauregard.  Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing works substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

53.     Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of Plaintiff Beauregard's "Glock in My Draws" composition. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "Glock in My Draws" and have converted the copyright for their own use.

**B.     Defendants' Infringement of Plaintiff Beauregard's Composition**

1

**"Tired of Dis Shit"**

2      54.     Plaintiff Beauregard is the writer and legal and beneficial owner of a

3  composition entitled "Tired of Dis Shit," which is the subject of a valid Certificate of

4  Copyright Registration issued by the Register of Copyrights, Registration No.

5  PA0002468416. Plaintiff Beauregard's composition is embodied in a sound recording

6  of the same name performed by Plaintiff Beauregard, which was released in or about

7  2013 on "Volume 16: The Original Masters."

8      55.     Upon information and belief, in or about 2015, Defendants released a

9  song/track entitled "Limp Wrist" (stylized "Limp Wri$t") on the album entitled "Kill

10  Your$elf Part X: The Re$urrection $aga."

11      56.     Defendants' song/track "Limp Wri$t" extensively samples (that is,

12  directly extracts and reproduces) original expression from Plaintiff Beauregard's

13  composition "Tired of Dis Shit" and the master recording of "Tired of Dis Shit" as

14  performed by Plaintiff Beauregard.  Defendants' unauthorized sampling and copying

15  of Plaintiff Beauregard's composition has rendered Defendants' infringing work

16  substantially similar to—and in many portions virtually identical to—Plaintiff

17  Beauregard's original work.

18      57.     Defendants did not seek or receive any authorization or permission from

19  Plaintiff Beauregard to use any portion of Plaintiff Beauregard's "Tired of Dis Shit"

20  composition.  Defendants have willfully and unlawfully infringed on Plaintiff

21  Beauregard's copyright in "Tired of Dis Shit" and have converted the copyright for

22  their own use.

23  **C.     Defendants' Infringement of Plaintiff Houston's Composition "It
      Was Triple Six"**

24

25      58.     Plaintiff Houston is the writer and legal and beneficial owner of a

26  composition entitled "It Was Triple Six," which is the subject of a valid Certificate of

27  Copyright Registration issued by the Register of Copyrights, Registration No.

28  PA0002468879. Plaintiff Houston's composition is embodied in a sound recording of

the same name performed by Plaintiff Houston, which was released in or about 1994 on "Vol. 9MM It's On."

59.     Upon information and belief, in or about 2016, Defendants released a song/track entitled "Golden Calf" on the album entitled "Dark Side of the Clouds."

60.     Defendants' song/track "Golden Calf" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Houston's composition "It Was Triple Six" and the master recording of "It Was Triple Six" as performed by Plaintiff Houston.  Defendants' unauthorized sampling and copying of Plaintiff Houston's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Houston's original work.

61.     Defendants did not seek or receive any authorization or permission from Plaintiff Houston to use any portion of Plaintiff Houston's "It Was Triple Six" composition.  Defendants have willfully and unlawfully infringed on Plaintiff Houston's copyright in "It Was Triple Six" and have converted the copyright for their own use.

**D.     Defendants' Infringement of Plaintiffs' Composition "Koop Unreleased"**

62.     Plaintiffs are the writer and legal and beneficial owner of a composition entitled "Koop Unreleased," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. Plaintiffs' composition is embodied in a sound recording of "Devil's Playground 2 (Snippet)" performed by the artist Koopsta Knicca, which was released in or about 2010.[15]

63.     Upon information and belief, in or about 2018, Defendants released a song/track entitled "Bring Out Your Dead" on the album entitled "I Want to Die in New Orleans."

64.     Defendants' song/track "Bring Out Your Dead" extensively samples

---

[15] https://www.youtube.com/watch?v=Z1mc22-Xm9A

(that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Koop Unreleased" and the master recording of "Koop Unreleased." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

65.    Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Koop Unreleased" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Koop Unreleased" and have converted the copyright for their own use.

**E.    Defendants' Infringement of Plaintiff Beauregard's Composition and Sound Recording "So High"**

66.    Plaintiff Beauregard is the writer and legal and beneficial owner of a composition entitled "So High," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by Lil Gin, which was released in or about 1994 on "Junts We Choke II."

67.    Plaintiff Beauregard is also the legal and beneficial owner of the sound recording entitled "So High," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. SRu001374940, and was published in or about 1994.

68.    Upon information and belief, in or about 2020, Defendants released a song/track entitled "That Just Isn't Empirically Possible" on the album entitled "Stop Staring at the Shadows." Upon further information and belief, in or around 2016, Defendants released song/track entitled "Hepatitis G" on the album entitled "DirtyNasty$uicide."

69.    Defendants' song/tracks "That Just Isn't Empirically Possible" and "Hepatitis G" extensively sample (that is, directly extract and reproduce) original expression from Plaintiff Beauregard's composition "So High" and the master

recording of "So High." Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

70. Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of Plaintiff Beauregard's "So High" composition. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "So High" and have converted the copyright for their own use.

**F.     Defendants' Infringement of Plaintiffs' Composition "Everything is Business Pt. 1"**

71. Plaintiffs are the writers and legal and beneficial owners of a composition entitled "Everything is Business Pt. 1," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002469871. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1994 on "Volume 1: Da Beginning."

72. Upon information and belief, in or about 2021, Defendants released a song/track entitled "Lighting the Flames of My Own Personal Hell" on the album entitled "Long Term Effects of Suffering."

73. Defendants' song/track "Lighting the Flames of My Own Personal Hell" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Everything is Business Pt. 1" and the master recording of "Everything is Business Pt. 1." Defendants' unauthorized sampling and copying of Plaintiffs composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

74. Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Everything is Business Pt. 1" composition.

1  Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in

2  "Everything is Business Pt. 1" and have converted the copyright for their own use.

3  **G.    Defendants' Infringement of Plaintiffs' Composition "Everything is Business (Remix)"**

4

5  75.    Plaintiffs are the writers and legal and beneficial owners of a

   composition entitled "Everything is Business (Remix)," which is the subject of a valid

6

7  Certificate of Copyright Registration issued by the Register of Copyrights,

   Registration No. PA0002477987. Plaintiffs' composition is embodied in a sound

8

9  recording of the same name performed by the artist Kingpin Skinny Pimp, which was

   released in or about 1996 on "Young Southern Playaz Vol. 1."

10

11  76.    Upon information and belief, in or about 2023, Defendants released a

   song/track entitled "Finding Shelter in my Larynx" on the album entitled "I No

12  Longer Fear the Razor Guarding My Heel (V)."

13

14  77.    Defendants' song/track "Finding Shelter in my Larynx" extensively

   samples (that is, directly extracts and reproduces) original expression from Plaintiffs'

15

16  composition "Everything is Business (Remix)" and the master recording of

   "Everything is Business (Remix)."  Defendants' unauthorized sampling and copying

17  of Plaintiffs composition has rendered Defendants' infringing work substantially

18  similar to—and in many portions virtually identical to—Plaintiffs' original work.

19

20  78.    Defendants did not seek or receive any authorization or permission from

   Plaintiffs to use any portion of Plaintiffs' "Everything is Business (Remix)"

21  composition. Defendants have willfully and unlawfully infringed on Plaintiffs'

22  copyright in "Everything is Business (Remix)" and have converted the copyright for

23  their own use.

24  **H.    Defendants' Infringement of Plaintiff Beauregard's Composition "Gotta Get Some Endz"**

25

26  79.    Plaintiff Beauregard is the writer and legal and beneficial owner of a

27  composition entitled "Gotta Get Some Endz," which is the subject of a valid

28  Certificate of Copyright Registration issued by the Register of Copyrights,

Registration No. PA0002470061. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by Plaintiff Beauregard, which was released in or about 1994 on "Vol.15: For Them Niggaz W/ Anna."

80.    Upon information and belief, in or about 2022, Defendants released a song/track entitled "1000 Blunts" on the album entitled "Sing Me a Lullaby, My Sweet Temptation."

81.    Defendants' song/track "1000 Blunts" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Beauregard's composition "Gotta Get Some Endz" and the master recording of "Gotta Get Some Endz."  Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

82.    Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of Plaintiff Beauregard's "Gotta Get Some Endz" composition. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "Gotta Get Some Endz" and have converted the copyright for their own use.

**I.    Defendant Arceneaux's Infringement of Plaintiff Beauregard's Composition "Gotta Get Some Endz"**

83.    Plaintiff Beauregard is the writer and legal and beneficial owner of a composition entitled "Gotta Get Some Endz," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002470061. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by Plaintiff Beauregard, which was released in or about 1994 on "Vol.15: For Them Niggaz W/ Anna."

84.    Upon information and belief, in or about 2020, Defendant Arceneaux released a song/track entitled "Nightmare of the Northside" on the album entitled "A Man Rose From the Dead."

85.    Defendant Arceneaux's song/track "Nightmare of the Northside" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Beauregard's composition "Gotta Get Some Endz" and the master recording of "Gotta Get Some Endz." Defendant Arceneaux's unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

86.    Defendant Arceneaux did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of Plaintiff Beauregard's "Gotta Get Some Endz" composition. Defendant Arceneaux has willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "Gotta Get Some Endz" and has converted the copyright for his own use.

**J.    Defendants' Infringement of Plaintiffs' Composition "Stash Spot"**

87.    Plaintiffs' are the writer and legal and beneficial owner of a composition entitled "Stash Spot," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. Plaintiffs' composition is embodied in sound recordings of the same name performed by the artist Koopsta Knicca, which was released in or about 1994 on "Da Devil's Playground II" and by Plaintiffs on "Smoked Out Loced Out" in or about 1994.

88.    Upon information and belief, in or about 2022, Defendants released a song/track entitled "Resistance is Useless" on the album entitled "Sing Me a Lullaby, My Sweet Temptation."

89.    Defendants' song/track "Resistance is Useless" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Stash Spot" and the master recordings of "Stash Spot." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

90.    Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Stash Spot" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Stash Spot" and have converted the copyright for their own use.

**K.    Defendants' Infringement of Plaintiffs' Composition and Sound Recording of "Walk Up To Your House"**

91.    Plaintiffs are the writers and legal and beneficial owners of a composition entitled "Walk Up To Your House (Walk Up 2 Yo House)," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002206393. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1999 on "Underground Vol. I (1991-1994)."

92.    Plaintiffs are also the legal and beneficial owners of the sound recording entitled "Walk Up to Your House (Walk Up 2 Yo House)," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. SR0000233299, and was published in or about 1994.

93.    Upon information and belief, in or about 2022, Defendants released a song/track entitled "The Serpent and the Rainbow" on the album entitled "DirtiestNastiest$uicide."

94.    Defendants' song/track "The Serpent and the Rainbow" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Walk Up To Your House" and the master recording of "Walk Up To Your House." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

95.    Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Walk Up To Your House" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Walk

Up To Your House" and have converted the copyright for their own use.

**L.    Defendants' Infringement of Plaintiffs' Composition "Porno Movie"**

96.    Plaintiffs are the writers and legal and beneficial owners of a composition entitled "Porno Movie," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468508. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1995 on "Mystic Stylez."

97.    Upon information and belief, in or about 2014, Defendants released a song/track entitled "Deep Web" on the album entitled "Kill Your$elf Part V: The Fuck Bitche$, Get Death $aga."

98.    Defendants' song/track "Deep Web" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Porno Movie" and the master recording of "Porno Movie." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Porno Movie" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Porno Movie" and have converted the copyright for their own use.

**M.    Defendants' Infringement of Plaintiff Beauregard's Composition "Smoking on a J."**

99.    Plaintiff Beauregard is the writer and legal and beneficial owner of a composition entitled "Smoking on a J.," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468662. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by the artist Koopsta Knicca, which was released in or

about 1999 on "Da Devil's Playground: Underground Solo."

100.    Upon information and belief, in or about 2022, Defendants released a song/track entitled "Germantown" on the album entitled "Black $uicide Side C: The Seventh Seal."

101.    Defendants' song/track "Germantown" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Beauregard's composition "Smoking on a J." and the master recording of "Smoking on a J." Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of Plaintiff Beauregard's "Smoking on a J." composition. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "Smoking on a J." and have converted the copyright for their own use.

**N.    Defendants' Infringement of Plaintiffs' Composition and Sound Recording "Mystic Styles"**

102.    Plaintiffs are the writer and legal and beneficial owner of a composition entitled "Mystic Styles," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0000954798. Plaintiffs' is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1995 on "Mystic Stylez."

103.    Plaintiffs are also legal and beneficial owners of the sound recording entitled "Mystic Styles," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. SRu000311201, and was published in or about 1995.

104.    Upon information and belief, in or about 2015, Defendants released a song/track entitled "My Closest Is A Graveyard" on the album entitled "I No Longer

1    Fear the Razor Guarding My Heel (II)."

2    105.   Defendants' song/track "My Closest Is A Graveyard" extensively

3    samples (that is, directly extracts and reproduces) original expression from Plaintiffs'

4    composition "Mystic Styles" and the master recording of "Mystic Styles."

5    Defendants' unauthorized sampling and copying of Plaintiffs' composition has

6    rendered Defendants' infringing work substantially similar to—and in many portions

7    virtually identical to—Plaintiffs' original work.

8    106.   Defendants did not seek or receive any authorization or permission from

9    Plaintiffs to use any portion of Plaintiffs' "Mystic Styles" composition. Defendants

10    have willfully and unlawfully infringed on Plaintiffs' copyright in "Mystic Styles"

11    and have converted the copyright for their own use.

12    **O.    Defendants' Infringement of Plaintiffs' Composition "Pimpin &
      Robbin"**

13

14    107.   Plaintiffs are the writers and legal and beneficial owners of a

      composition entitled "Pimpin & Robbin," which is the subject of a valid Certificate

15    of Copyright Registration issued by the Register of Copyrights, Registration No.

16    PA0002468374. Plaintiffs' composition is embodied in a sound recording of the same

17    name performed by Plaintiffs, which was released in or about 1994 on "Smoked Out,

18    Loced Out."

19
      108.   Upon information and belief, in or about 2017, Defendants released a
20    song/track entitled "Dipped In Gold by B.C. Tha Hybrid ft. $uicideBoy$."

21
      109.   Defendants' song/track "Dipped In Gold by B.C. Tha Hybrid ft.
22    $uicideBoy$" extensively samples (that is, directly extracts and reproduces) original

23    expression from Plaintiffs' composition "Pimpin & Robbin" and the master recording

24    of "Pimpin & Robbin." Defendants' unauthorized sampling and copying of Plaintiffs'

25    composition has rendered Defendants' infringing work substantially similar to—and

26    in many portions virtually identical to—Plaintiffs' original work.

27    Defendants did not seek or receive any authorization or permission from

28

KING, HOLMES,
PATERNO &
SORIANO, LLP

3392.062/3009111.2                                24

Plaintiffs to use any portion of Plaintiffs' "Pimpin & Robbin" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Pimpin & Robbin" and have converted the copyright for their own use.

**P.    Defendants' Infringement of Plaintiffs' Composition "Beat Down"**

110.   Plaintiffs are the writers and legal and beneficial owners of a composition entitled "Beat Down," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468375. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiff Beauregard and the artist Lord Infamous, which was released in or about 1999 on "Underground Vol. 2: Club Memphis."

111.   Upon information and belief, in or about 2018, Defendants released a song/track entitled "Either Hated or Ignored."

112.   Defendants' song/track "Either Hated or Ignored" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Beat Down" and the master recording of "Beat Down." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Beat Down" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Beat Down" and have converted the copyright for their own use.

**Q.    Defendants' Infringement of Plaintiffs' Composition "You Try To Run"**

113.   Plaintiffs are the writers and legal and beneficial owners of a composition entitled "You Try To Run," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468506. Plaintiffs' composition is embodied in a sound recording of the same

1  name performed by Plaintiffs, which was released in or about 1995 on "Volume 3:
2  Spring Mix."

3  114.  Upon information and belief, in or about 2023, Defendants released a
4  song/track entitled "Château Gris" on the album entitled "YIN YANG TAPES:
5  Spring Season (1989–1990)."  Upon further information and belief, in or about 2017,
6  Defendants released a song/track entitled "I'm Done" on the album entitled "Kill
7  Yourself Part XVI: The Faded Stains Saga."

8  115.  Defendants' songs/tracks "Château Gris" and "I'm Done" extensively
9  sample (that is, directly extract and reproduce) original expression from Plaintiffs'
10  composition "You Try To Run" and the master recording of "You Try To Run."
11  Defendants' unauthorized sampling and copying of Plaintiffs' composition has
12  rendered Defendants' infringing works substantially similar to—and in many portions
13  virtually identical to—Plaintiffs' original work.

14  116.  Defendants did not seek or receive any authorization or permission from
15  Plaintiffs to use any portion of Plaintiffs' "You Try To Run" composition. Defendants
16  have willfully and unlawfully infringed on Plaintiffs' copyright in "You Try To Run"
17  and have converted the copyright for their own use.

18  **R.  Defendants' Infringement of Plaintiffs' Composition "Tire Shop (feat. DJ Paul)"**

19
20  117.  Plaintiffs are the writers and legal and beneficial owners of a
   composition entitled "Tire Shop (feat. DJ Paul)," which is the subject of a valid
21  Certificate of Copyright Registration issued by the Register of Copyrights,
22  Registration No. PA0002470063. Plaintiffs' composition is embodied in a sound
23  recording of the same name performed by the artist Gangsta Blac and Plaintiff
24  Beauregard, which was released in or about 1996 on "Can It Be?"
25
26  118.  Upon information and belief, in or about 2023, Defendants released a
27  song/track entitled "Six Lines Two Dragons and a Messiah" on the album entitled
   "Shameless $uicide."
28

King, Holmes,
Paterno &
Soriano, LLP

3392.062/3009111.2

119.   Defendants' song/track "Six Lines Two Dragons and a Messiah" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Tire Shop (feat. DJ Paul)" and the master recording of "Tire Shop (feat. DJ Paul)." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

120.   Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Tire Shop (feat. DJ Paul)" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Tire Shop (feat. DJ Paul)" and have converted the copyright for their own use.

## S.   Defendant Arceneaux's Infringement of Plaintiffs' Composition "Niggas From the Hood Ain't Changed"

121.   Plaintiffs are the writer and legal and beneficial owner of a composition entitled "Niggas From the Hood Ain't Changed," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by Plaintiff Houston, which was released in or about 1993 on "Vol.6."

122.   Upon information and belief, in or about 2020, Defendant Arceneaux released a song/track entitled "Carcosa."

123.   Defendant Arceneaux's song/track "Carcosa" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Niggas From the Hood Ain't Changed" and the master recording of "Niggas From the Hood Ain't Changed."  Defendant Arceneaux's unauthorized sampling and copying of Plaintiffs' composition has rendered Defendant Arceneaux's infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

124.   Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Niggas From the Hood Ain't Changed"

composition. Defendant Arceneaux has willfully and unlawfully infringed on Plaintiffs' copyright in "Niggas From the Hood Ain't Changed" and has converted the copyright for his own use.

**T.    Defendants' Infringement of Plaintiffs' Composition and Sound Recording "Where's Da Bud?"**

125.   Plaintiffs are the writers and legal and beneficial owners of a composition entitled "Where's Da Bud?," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002206402. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1996 on "Chapter 1: The End."

126.   Plaintiffs are also the legal and beneficial owners of the sound recording entitled "Where's Da Bud," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. SR0000233299, and was published in or about 1996.

127.   Upon information and belief, in or about 2020, Defendants released a song/track entitled "G.R.E.Y.G.O.D.S by Ramirez Ft. $uicideboy$."

128.   Defendants' song/track "G.R.E.Y.G.O.D.S by Ramirez Ft. $uicideboy$" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Where's Da Bud?" and the master recording of "Where's Da Bud?" Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

129.   Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Where's Da Bud?" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Where's Da Bud?" and have converted the copyright for their own use.

**U.    Defendants' Infringement of Plaintiffs' Composition "Are U Ready 4 Us?"**

130. Plaintiffs are the writers and legal and beneficial owners of a composition entitled "Are U Ready 4 Us?," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002469356. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1997 on "Chapter 2: World Domination."

131. Upon information and belief, in or about 2015, Defendants released a song/track entitled "Intro" on the album entitled "Blood Diamonds."

132. Defendants' song/track "Intro" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Are U Ready 4 Us?" and the master recording of "Are U Ready 4 Us?" Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

133. Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Are U Ready 4 Us?" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Are U Ready 4 Us?" and have converted the copyright for their own use.

**V.    Defendants' Infringement of Plaintiff Beauregard's Composition "Drop It Off Your Azz."**

134. Plaintiff Beauregard is the writer and legal and beneficial owner of a composition entitled "Drop It Off Your Azz," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468579. Plaintiff Beauregard's composition is embodied in a sound recording entitled "Drop It Off Yo Ass" performed by Plaintiff Beauregard and the artist Lord Infamous, which was released in or about 1994 on "Come with Me 2 Hell."

135. Upon information and belief, in or about 2015, Defendants released a

1  song/track entitled "UGK" on the album entitled "Blood Diamonds."

2      136.  Defendants' song/track "UGK" extensively samples (that is, directly

3  extracts and reproduces) original expression from Plaintiff Beauregard's composition

4  "Drop It Off Your Azz" and the master recording of "Drop It Off Your Azz."

5  Defendants' unauthorized sampling and copying of Plaintiff Beauregard's

6  composition has rendered Defendants' infringing work substantially similar to—and

7  in many portions virtually identical to—Plaintiff Beauregard's original work.

8      137.  Defendants did not seek or receive any authorization or permission from

9  Plaintiff Beauregard to use any portion of Plaintiff Beauregard's "Drop It Off Your

10  Azz" composition. Defendants have willfully and unlawfully infringed on Plaintiff

11  Beauregard's copyright in "Drop It Off Your Azz" and have converted the copyright

12  for their own use.

13      **W.  Defendants' Infringement of Plaintiffs' Composition "Fuckin Wit My Money"**

14

15      138.  Plaintiffs are the writers and legal and beneficial owners of a

16  composition entitled "Fuckin Wit My Money," which is the subject of a valid

17  Certificate of Copyright Registration issued by the Register of Copyrights,

18  Registration No. PA0002468904. Plaintiffs' composition is embodied in a sound

19  recording of the same name performed by the artist Lil Gin, which was released in or

20  about 1995 on "Shake Junt."

21      139.  Upon information and belief, in or about 2016, Defendants released a

22  song/track entitled "Mad as Fuck" on the album entitled "Meet Me Where the River

23  Turns Grey."

24      140.  Defendants' song/track "Mad as Fuck" extensively samples (that is,

25  directly extracts and reproduces) original expression from Plaintiffs' composition

26  "Fuckin Wit My Money" and the master recording of "Fuckin Wit My Money."

27  Defendants' unauthorized sampling and copying of Plaintiffs' composition has

28  rendered Defendants' infringing work substantially similar to—and in many portions

KING, HOLMES,
PATERNO &
SORIANO, LLP

1     virtually identical to—Plaintiffs' original work.

2        141. Defendants did not seek or receive any authorization or permission from

3 Plaintiffs to use any portion of Plaintiffs' "Fuckin Wit My Money" composition.

4 Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in

5 "Fuckin Wit My Money" and have converted the copyright for their own use.

6        **X.**     **Defendants' Infringement of Plaintiffs' Composition "Blow A Nigga's Ass Off"**

7

8        142. Plaintiffs are the writers and legal and beneficial owners of a

9 composition entitled "Blow A Nigga's Ass Off," which is the subject of a valid

10 Certificate of Copyright Registration issued by the Register of Copyrights,

11 Registration No. PA0002468708. Plaintiffs' composition is embodied in a sound

12 recording of the same name performed by the artists Lil' Glock and S.O.G., which

13 was released in or about 1999 on "Underground Vol. 2: Club Memphis."

14        143. Upon information and belief, in or about 2016, Defendants released a

15 song/track entitled "Mark & Tones" on the album entitled "Meet Me Where the River

16 Turns Grey."

17        144. Defendants' song/track "Mark & Tones" extensively samples (that is,

18 directly extracts and reproduces) original expression from Plaintiffs' composition

19 "Blow A Nigga's Ass Off" and the master recording of "Blow A Nigga's Ass Off."

20 Defendants' unauthorized sampling and copying of Plaintiffs' composition has

21 rendered Defendants' infringing work substantially similar to—and in many portions

22 virtually identical to—Plaintiffs' original work.

23        145. Defendants did not seek or receive any authorization or permission from

24 Plaintiffs to use any portion of Plaintiffs' "Blow A Nigga's Ass Off" composition.

25 Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Blow

26 A Nigga's Ass Off" and have converted the copyright for their own use.

27        **Y.**     **Defendants' Infringement of Plaintiff Houston's Composition "Come & Get Yo Wig Split."**

28        146. Plaintiff Houston is the writer and legal and beneficial owner of a

composition entitled "Come & Get Yo Wig Split," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468891. Plaintiff Houston's composition is embodied in a sound recording of the same name performed by Plaintiff Houston, which was released in or about 1994 on "Vol. 9MM It's On."

147.   Upon information and belief, in or about 2016, Defendants released a song/track entitled "The River Will Remain Cold" on the album entitled "Meet Me Where the River Turns Grey."

148.   Defendants' song/track "The River Will Remain Cold" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Houston's composition "Come & Get Yo Wig Split" and the master recording of "Come & Get Yo Wig Split."  Defendants' unauthorized sampling and copying of Plaintiff Houston's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Houston's original work.

149.   Defendants did not seek or receive any authorization or permission from Plaintiff Houston to use any portion of Plaintiff Houston's "Come & Get Yo Wig Split" composition. Defendants have willfully and unlawfully infringed on Plaintiff Houston's copyright in "Come & Get Yo Wig Split" and have converted the copyright for their own use.

**Z.    Defendants' Infringement of Plaintiff Beauregard's Composition "Liquor and Powder."**

150.   Plaintiff Beauregard is the writer and legal and beneficial owner of a composition entitled "Liquor and Powder," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468347. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by Plaintiff Beauregard, which was released in or about 2009 on "Scale-A-Ton."

151.   Upon information and belief, in or about 2017, Defendants released a song/track entitled "Dellamorte Dellamore" on the album entitled "World War."

152.   Defendants' song/track "Dellamorte Dellamore" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Beauregard's composition "Liquor and Powder" and the master recording of "Liquor and Powder."   Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

153.   Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of Plaintiff Beauregard's "Liquor and Powder" composition. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "Liquor and Powder" and have converted the copyright for their own use.

**AA.   Defendants' Infringement of Plaintiffs' Composition "Be A Witness"**

154.   Plaintiffs are the writers and legal and beneficial owners of a composition entitled "Be A Witness," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468151. Plaintiffs' composition is embodied in a sound recording entitled "Be a Witness - (Killa Klan Kaze)" performed by Plaintiffs, which was released in or about 1995 on "Live By Yo Rep (B.O.N.E. Dis)."

155.   Upon information and belief, in or about 2017, Defendants released a song/track entitled "Be A Witness (feat. Shakewell)" on the album entitled "Grey Gorilla."

156.   Defendants' song/track "Be A Witness (feat. Shakewell)" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Be A Witness" and the master recording of "Be A Witness."

Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

157.   Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Be A Witness" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Be A Witness" and have converted the copyright for their own use.

**BB.   Defendants' Infringement of Plaintiffs' Composition "Gorilla Pimp- Featuring Namond Lumpkin"**

158.   Plaintiffs are the writers and legal and beneficial owners of a composition entitled "Gorilla Pimp- Featuring Namond Lumpkin," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468883. Plaintiffs' composition is embodied in a sound recording entitled "Gorilla Pimp (feat. Namond Lumpkin)" performed by the artists Project Pat and Namond Lumpkin, which was released in or about 2001 on "Mista Don't Play Everythangs Workin."

159.   Upon information and belief, in or about 2017, Defendants released a song/track entitled "UGK Gorilla Pimp" on the album entitled "Grey Gorilla."

160.   Defendants' song/track "UGK Gorilla Pimp" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Gorilla Pimp- Featuring Namond Lumpkin" and the master recording of "Gorilla Pimp- Featuring Namond Lumpkin."   Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

161.   Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Gorilla Pimp- Featuring Namond Lumpkin" composition. Defendants have willfully and unlawfully infringed on

Plaintiffs' copyright in "Gorilla Pimp- Featuring Namond Lumpkin" and have converted the copyright for their own use.

**CC. Defendants' Infringement of Plaintiff Beauregard's Composition "Lick My Nutz."**

162.   Plaintiff Beauregard is the writer and legal and beneficial owner of a composition entitled "Lick My Nutz," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468892. Plaintiff Beauregard's composition is embodied in a sound recordings entitled "Lick My Nuts" performed by Lord Infamous, which was released in or about 1999 on "Underground Vol. 2: Club Memphis," and a sound recording entitled "Lick My Nutz" performed by Lord Infamous, which was released in or about 1994 on "Come With Me to Hell, Pt. 1."

163.   Upon information and belief, in or about 2017, Defendants released a song/track entitled "I Know That You Like It" on the album entitled "Grey Gorilla." Upon further information and belief, in or about 2024, Defendant Arceneaux released a song/track entitled "lick my nuts" on the album entitled "lonely boy."

164.   Defendants' songs/tracks "I Know That You Like It" and "lick my nuts" extensively sample (that is, directly extract and reproduce) original expression from Plaintiff Beauregard's composition "Lick My Nutz" and the master recording of "Lick My Nutz." Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing works substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

165.   Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of Plaintiff Beauregard's "Lick My Nutz" composition. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "Lick My Nutz" and have converted the copyright for their own use.

**DD. Defendants' Infringement of Plaintiff Houston's Composition "Nigga Wanna Ass Wooping."**

166.  Plaintiff Houston is the writer and legal and beneficial owner of a composition entitled "Nigga Wanna Ass Wooping," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468476. Plaintiff Houston's composition is embodied in a sound recording of the same name performed by Plaintiff Houston, which was released in or about 1993 on "Volume 8: Escape from Hell."

167.  Upon information and belief, in or about 2018, Defendants released a song/track entitled "Fgbm" on the album entitled "Blood Diamonds, Vol. 2."

168.  Defendants' song/track "Fgbm" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Houston's composition "Nigga Wanna Ass Wooping" and the master recording of "Nigga Wanna Ass Wooping." Defendants' unauthorized sampling and copying of Plaintiff Houston's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Houston's original work.

169.  Defendants did not seek or receive any authorization or permission from Plaintiff Houston to use any portion of Plaintiff Houston's "Nigga Wanna Ass Wooping" composition. Defendants have willfully and unlawfully infringed on Plaintiff Houston's copyright in "Nigga Wanna Ass Wooping" and have converted the copyright for their own use.

**EE.    Defendants' Infringement of Plaintiff Beauregard's Composition "Fuck Dj Squeeky."**

170.  Plaintiff Beauregard is the writer and legal and beneficial owner of a composition entitled "Fuck Dj Squeeky," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468328. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by Plaintiff Beauregard, which was released in or about 1994 on "Greatest Hits Part 1."

171.  Upon information and belief, in or about 2019, Defendants released a

song/track entitled "Psycho on the Loose" on the album entitled "Son of a Serpentine."

172.   Defendants' song/track "Psycho on the Loose" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Beauregard's composition "Fuck Dj Squeeky" and the master recording of "Fuck Dj Squeeky." Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of Plaintiff Beauregard's "Fuck Dj Squeeky" composition. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "Fuck Dj Squeeky" and have converted the copyright for their own use.

**FF.   Defendants' Infringement of Plaintiff Beauregard's Composition "Front Page."**

173.   Plaintiff Beauregard is the writer and legal and beneficial owner of a composition entitled "Front Page," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002470287. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by Plaintiff Beauregard and the artist Lord Infamous, which was released in or about 1995 on "Come with Me 2 Hell Part 2."

174.   Upon information and belief, in or about 2019, Defendants released a song/track entitled "Lay It Down" on the album entitled "Son of a Serpentine."  Upon further information and belief, in or about 2020, Defendants released a song/track entitled "The Knife Has Been Stuck Deeper In My Back" on the album entitled "Judgment Day."

175.   Defendants' songs/tracks "Lay It Down" and "The Knife Has Been Stuck Deeper In My Back" extensively sample (that is, directly extract and reproduce)

original expression from Plaintiff Beauregard's composition "Front Page" and the master recording of "Front Page." Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing works substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

176. Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of Plaintiff Beauregard's "Front Page" composition. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "Front Page" and have converted the copyright for their own use.

**GG.   Defendants' Infringement of Plaintiffs' Composition "Time For The Juice Mane"**

177. Plaintiffs are the writers and legal and beneficial owners of a composition entitled "Time For The Juice Mane," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468505. Plaintiffs' composition is embodied in a sound recording entitled "Time For Da Juice Mane" performed by Plaintiffs, which was released in or about 1999 on "Underground Vol. 1: 1991–1994."

178. Upon information and belief, in or about 2019, Defendants released a song/track entitled "Horns and Halos" on the album entitled "Son of a Serpentine."

179. Defendants' song/track "Horns and Halos" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Time For The Juice Mane" and the master recording of "Time For The Juice Mane." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

180. Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Time For The Juice Mane" composition.

Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Time For The Juice Mane" and have converted the copyright for their own use.

**HH.  Defendants' Infringement of Plaintiffs' Composition "Sucks On Dick"**

181.  Plaintiffs are the writers and legal and beneficial owners of a composition entitled "Sucks On Dick," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468883. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1999 on "Underground Vol. 1: 1991–1994."

182.  Upon information and belief, in or about 2019, Defendants released a song/track entitled "Does It Real Good" as a single on the album entitled "Son of a Serpentine."

183.  Defendants' song/track "Does It Real Good" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Sucks On Dick" and the master recording of "Sucks On Dick."  Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

184.  Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Sucks On Dick" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Sucks On Dick" and have converted the copyright for their own use.

**II.  Defendants' Infringement of Plaintiff Beauregard's Composition "Sawed Off."**

185.  Plaintiff Beauregard is the writer and legal and beneficial owner of a composition entitled "Sawed Off," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002468651. Plaintiff Beauregard's composition is embodied in a sound recording

of the same name performed by the artist Lil Gin, which was released in or about 1994 on "Junts We Choke II."

186.   Upon information and belief, in or about 2017, Defendants released a song/track entitled "Zech 12:10 (Something To Murder To)" on the album entitled "Judgment Day: Revelations -- EP."

187.   Defendants' song/track "Zech 12:10 (Something To Murder To)" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Beauregard's composition "Sawed Off" and the master recording of "Sawed Off."   Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing works substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

188.   Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of Plaintiff Beauregard's "Sawed Off" composition. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "Sawed Off" and have converted the copyright for their own use.

**JJ.   Defendants' Infringement of Plaintiffs' Composition "Murder On The Menu."**

189.   Plaintiffs are the writer and legal and beneficial owner of a composition entitled "Murder On The Menu," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. Plaintiffs' composition is embodied in a sound recording of the same name performed by the artist Lord Infamous, which was released in or about 1994 on "Lord of Terror."

190.   Upon further information and belief, in or about 2020, Defendants released a song/track entitled "Ripped Off My Wings & Halo" on the album entitled "Judgment Day."

191.   Defendants' song/track "Ripped Off My Wings & Halo" extensively

samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Murder On The Menu" and the master recording of "Murder On The Menu." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing works substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

192. Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Murder On The Menu" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Murder On The Menu" and have converted the copyright for their own use.

**KK. Defendants' Infringement of Plaintiffs' Composition "Now I'm high, really high"**

193. Plaintiffs are co-writers and legal and beneficial owners of a composition entitled "Now I'm high, really high," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002206043. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1999 on "Underground Vol. 1: 1991–1994."

194. Upon further information and belief, in or about 2020, Defendants released a song/track entitled "Let Me Be Struck By Lightning" on the album entitled "Judgment Day."

195. Defendants' song/track "Let Me Be Struck By Lightning" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Now I'm high, really high" and the master recording of "Now I'm high, really high." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

196. Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Now I'm high, really high" composition.

Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Now I'm high, really high" and have converted the copyright for their own use.

### FIRST CLAIM FOR RELIEF

### Copyright Infringement

### (*Against All Defendants*)

197.   Plaintiffs hereby incorporate the allegations set forth above in paragraphs 1 through 195, as though fully set forth herein.

198.   Plaintiffs are registered copyright owners of the musical compositions: 1. "Glock in My Draws," 2. "Tired of Dis Shit," 3. "It Was Triple Six," 4. "Koop Unreleased," 5. "So High," 6. "Everything is Business Pt. 1," 7. "Everything is Business (Remix)," 8. "Gotta Get Some Endz," 9. "Stash Spot," 10. "Walk Up To Your House," 11. "Porno Movie," 12. "Smoking on a J," 13. "Mystic Styles," 14. "Pimpin & Robbin," 15. "Beat Down," 16. "You Try To Run," 17. "Tire Shop (feat. DJ Paul)," 18. "Niggas From the Hood Ain't Changed," 19. "Where's Da Bud?," 20. "Are U Ready 4 Us?," 21. "Drop It Off Your Azz," 22. "Fuckin Wit My Money," 23. "Blow A Nigga's Ass Off," 24. "Come & Get Yo Wig Split," 25. "Liquor and Powder," 26. "Be A Witness," 27. "Gorilla Pimp- Featuring Namond Lumpkin," 28. "Lick My Nutz," 29. "Nigga Wanna Ass Wooping," 30. "Fuck Dj Squeeky," 31. "Front Page," 32. "Time For The Juice Mane," 33. "Sucks On Dick," 34. "Sawed Off," 35. "Murder On The Menu," 36. "Now I'm high, really high" (collectively, the "Infringed Compositions").

199.   Plaintiffs are registered copyright owners of the sound recordings: 1. "Walk Up to Your House (Walk Up 2 Yo House)," 2. "Where's Da Bud," and (3) "So High" (collectively, the "Infringed Sound Recordings," and with the Infringed Compositions, "Infringed Works").

200.   Defendants, and each of them, had access to the Infringed Compositions due to the widespread dissemination of sound recordings of those compositions as performed by Plaintiffs and other artists. Defendants, and each of them, had access to

1   the Infringed Sound Recordings due to the widespread dissemination of those sound

2   recordings. In addition, Defendants' "sampling" (direct extraction and reproduction)

3   of material from the Infringed Works establishes access by way of striking similarity.

4       201.   Defendants have produced, reproduced, and prepared derivative works

5   based upon, and distributed, portions of the Infringed Works without the permission

6   of Plaintiffs or any other owners of the rights to such songs/tracks.

7       202.   Defendants' unauthorized reproductions, distributions, public

8   performances, and/or digital transmissions of the Infringed Works as alleged above,

9   each constitute an infringement of Plaintiffs' rights in and to the works.

10       203.   The foregoing acts of copyright infringement have been willful and

11   intentional.

12       204.   As a direct and proximate result of the Defendants' infringement of

13   Plaintiffs' copyrights, as alleged herein, pursuant to 17 U.S.C. Section 504(b),

14   Plaintiffs are entitled to their actual damages, including Defendants' profits from

15   infringement, the exact amount of which is not currently known, but of which

16   Plaintiffs are informed and believe, and allege thereon, exceeds $1,500,000,

17   according to proof at trial. Alternatively, at their election, pursuant to 17 U.S.C.

18   Section 504(c), as a direct and proximate result of the Defendants' willful

19   infringement of Plaintiffs' copyrights, Plaintiffs are entitled to recover up to $150,000

20   in statutory damages for each of the over 36 musical compositions and sound

21   recordings infringed, which Plaintiffs are informed and believe, and allege thereon,

22   exceeds $5,400,000, according to proof at trial.

23       205.   Plaintiffs are also entitled to recover attorney's fees and costs pursuant

24   to 17 U.S.C. Section 505, and prejudgment interest according to law.

25       206.   Defendants are causing, and unless enjoined by the Court will continue

26   to cause, Plaintiffs irreparable harm for which they have no adequate remedy at law.

27   Plaintiffs are entitled to an injunction under 17 U.S.C. Section 502 prohibiting the

28   continued infringement of their musical compositions and sound recordings.

KING, HOLMES,
PATERNO &
SORIANO, LLP

3392.062/3009111.2

43

1

## **PRAYER FOR RELIEF**

2      WHEREFORE, Plaintiffs pray for judgment against Defendants and each of

3  them as follows:

4      1.      For compensatory and actual damages, including Defendants' profits

5  from infringement, in an amount in excess of $1,500,000 according to proof at trial;

6      2.      Alternatively, at Plaintiffs' election, for statutory damages in an amount

7  in excess of $5,400,000, according to proof at trial;

8      3.      For Defendants, and each of them, and their agents, servants, employees

9  and all parties in privity with them to be enjoined preliminarily and permanently from

10 directly or indirectly using the Infringed Compositions and Infringed Sound

11 Recordings, or any other work derived in any way therefrom, in any manner which

12 infringes upon the copyright in and to said work;

13     4.      For a finding that Defendants' infringements were willful, in accordance

14 with 17 U.S.C. Section 504(c)(2);

15     5.      For pre- and post-judgment interest;

16     6.      For such fees and costs (including reasonable attorney's fees) incurred

17 herein as permitted by law;

18     7.      For such other and further relief as the Court deems just and proper.

19

20     DATED: October 28, 2024  KING, HOLMES, PATERNO & SORIANO, LLP

21

22

23              By:      */s/ Jackson S. Trugman*

24                   HOWARD E. KING
                     JACKSON S. TRUGMAN
25                   HEATHER L. PICKERELL
                Attorneys for Plaintiffs PAUL D. BEAUREGARD
26              p/k/a DJ PAUL and JORDAN HOUSTON p/k/a
27              JUICY J

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs PAUL D. BEAUREGARD p/k/a DJ PAUL and JORDAN HOUSTON p/k/a JUICY J hereby demand a jury trial of this action.

DATED: October 28, 2024        KING, HOLMES, PATERNO & SORIANO, LLP

By:        */s/ Jackson S. Trugman*

HOWARD E. KING
JACKSON S. TRUGMAN
HEATHER L. PICKERELL
Attorneys for Plaintiffs PAUL D. BEAUREGARD p/k/a DJ PAUL and JORDAN HOUSTON p/k/a JUICY J

KING, HOLMES,
PATERNO &
SORIANO, LLP

3392.062/3009111.2

45